UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**DANNY W. ROGERS**,

Plaintiff,

v.

**HENNEPIN COUNTY MEDICAL CENTER; and MARIE MAES-VOREIS**,

Defendants.

Civil No. 01-1702 (JEL /JGL)

**ORDER**

APPEARANCES

Justice E. Lindell, Esq, for Plaintiff

Cheri Sudit, Esq., for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on January 2, 2003 on Plaintiff's Motion to Compel Expert Testimony (Doc. No. 17). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

In the instant motion, Plaintiff seeks an Order requiring Defendants' Expert, Dr. Posey, to supplement his expert witness report so that the report comports with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Although the discovery deadline has passed, Plaintiff also seeks

FILED JAN 02 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

permission to depose Dr. Posey at Defendants' expense, and seeks costs and fees associated with bringing the instant motion.

The Federal Rules of Civil Procedure state that expert witness reports shall contain the following information:

> a complete statement of all opinions to be expressed and the basis and reasons therefor;
>
> the data or other information considered by the witness in forming the opinions;
>
> any exhibits to be used as a summary of or support for the opinions;
>
> the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
>
> the compensation to be paid for the study and testimony; and
>
> a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Plaintiff argues that Dr. Posey's report does not contain much of the required information.

Defendants respond that Dr. Posey's report contains all the required information, except perhaps compensation information. Defendants also assert that Plaintiff is no longer entitled to this information because he failed to call the report's deficiencies to Defendants' attention until four days after the close of discovery.

The Court has considered the arguments of both Parties, and has examined Dr. Posey's expert report. The Court finds that the report suffers

from the deficiencies identified by Plaintiff. Merely attaching copies of medical records does not fulfill Dr. Posey's obligation to provide a complete statement of the basis of and reasons for his opinions, or to provide a recitation of all the data or other information considered when forming those opinions. Conclusory statements proffered without support will not suffice. Moreover, the report also lacks a recitation of any exhibits to be used as a summary of, or support for, Dr. Posey's opinions; a list of publications authored by Dr. Posey within the past ten years; Dr. Posey's compensation; and a list of other cases in which Dr. Posey has testified.

The Court finds unavailing Defendants' argument that Plaintiff failed to raise these issues until after the close of discovery. Defendants should have provided an expert report that complied with the Rules in the first place. Moreover, the Court finds that raising the issue four days after the close of discovery did not prejudice Defendants in any way.

Therefore, this part of Plaintiff's motion is granted. Defendants must provide Plaintiff with an amended expert report no later than fourteen days from this Order. If Plaintiff wishes to depose Dr. Posey after reviewing the report, Plaintiff may do so before February 1, 2003.

Notwithstanding the above, the Court finds that Plaintiff bears some responsibility for failing to schedule Dr. Posey's deposition in a timely

manner. Therefore, should Plaintiff wish to depose Dr. Posey, Defendants need not bear that cost. This part of Plaintiff's motion is denied.

Plaintiff's request for costs and fees associated with bringing the instant motion is also denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Expert Testimony (Doc. No. 17) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendants must provide an amended expert report that complies with Federal Rule of Civil Procedure 26(a)(2)(B) by January 16, 2003; and

(3) If Plaintiff desires to depose Dr. Posey, the Parties must work together to schedule Dr. Posey's deposition by February 1, 2003.

Dated: January 2, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge