UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Danny W. Rogers,

Plaintiff,

v.

Civ. No. 01-1702 (JNE/JGL)
ORDER

Hennepin County Medical Center and Marie Maes-Voreis,

Defendants.

---

Justice Ericson Lindell, Esq., and Thomas H. Boyd, Esq., Winthrop & Weinstine, P.A., appeared for Plaintiff Danny W. Rogers.

Cheri Sudit, Esq., Assistant Hennepin County Attorney, Hennepin County Attorney's Office, appeared for Defendants Hennepin County Medical Center and Marie Maes-Voreis.

---

Danny Rogers brought this case against his former employer, Hennepin County Medical Center (HCMC), and supervisor, Marie Maes-Voreis, alleging that they reduced his job responsibilities because of his disability and failed to reasonably accommodate his disability, in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111-12117 (2000) (ADA). The case is before the Court on HCMC and Maes-Voreis's Motion for Summary Judgment.[1] For the reasons given below, the Court grants the motion as it relates to Maes-Voreis and denies it as it relates to HCMC.

## I. BACKGROUND

Rogers was hired by HCMC in February 1999 as a senior support services supervisor, a position that involved supervising clerks in HCMC's medical records and billing departments.

---

1 Also before the Court is a motion by Rogers to strike three affidavits submitted by HCMC and Maes-Voreis and for an award of reasonable expenses. The Court denies Rogers's motion.

FILED AUG 1 2 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

In May 2000, Rogers submitted a request for leave under the Family and Medical Leave Act. The request included information from his treating physician indicating that Rogers was being treated for "a major psychiatric disorder," and had "been diagnosed schizophrenia, paranoid as a result of his military service." HCMC approved Rogers's request for leave, and Rogers was absent from work from June 2000 through early July 2000. When Rogers returned to work, his job duties were altered such that he no longer performed any supervisory functions. Rogers eventually resigned from HCMC in December 2000.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### A. Maes-Voreis

Maes-Voreis argues that she is entitled to summary judgment because supervisors are not individually liable for violations of Title I of the ADA. Although the Eighth Circuit has not yet

spoken on this question, every federal court of appeals that has considered the issue has held that Title I of the ADA does not impose individual liability on supervisors and other individuals. *See Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). Several district courts in the Eighth Circuit have adopted this holding. *See Doe ex rel. Doe v. Barger*, 193 F. Supp. 2d 1112, 1116 (E.D. Ark. 2002) (citing *Mason*); *Fish v. Ristvedt*, 192 F. Supp. 2d 1024, 1028 (D.N.D. 2002) (citing *Butler*, *Mason*, and *AIC Sec. Investigations*); *Whaley v. United States*, 82 F. Supp. 2d 1060, 1061 n.1 (D. Neb. 2000) (citing *Mason* and *AIC Sec. Investigations*). Furthermore, the Eighth Circuit has held that supervisors are not individually liable for violations of Title VII of the Civil Rights Act of 1964, a statutory scheme similar to Title I of the ADA. *See Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). Based on these cases, the Court concludes that Maes-Voreis cannot be held individually liable under Title I of the ADA. Accordingly, the Court grants summary judgment in her favor.

**B. HCMC**

*1. Disparate treatment*

Title I of the ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Rogers claims that HCMC violated this provision when it reduced his job responsibilities upon his return from FMLA leave in July 2000. To establish his claim of disparate treatment, Rogers must demonstrate that (1) he has a disability within the meaning of the ADA, (2) he is qualified to perform the essential functions of his job, with or without reasonable accommodation, and

(3) he suffered an adverse employment action because of his disability. *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003); *Fenney v. Dakota, Minn. & E. R.R.*, 327 F.3d 707, 711 (8th Cir. 2003). For purposes of its motion, HCMC concedes the first element but argues that Rogers cannot satisfy the second and third elements.

To be "qualified" within the meaning of the ADA, an employee must (1) possess the requisite skill, education, experience, and training for his position and (2) be able to perform his essential job functions, either with or without reasonable accommodation. *Fenney*, 327 F.3d at 712; *Gilmore v. AT & T*, 319 F.3d 1042, 1047 (8th Cir. 2003). Because Rogers held the position of supervisor, he can satisfy the first prong of this test. *See Hatchett v. Philander Smith College*, 251 F.3d 670, 674 (8th Cir. 2001) (stating "[employee] can establish the first part of the inquiry by virtue of having previously held the position"). With respect to the second prong, Rogers argues that he could have performed the essential job functions of a supervisor with reasonable accommodation. The reasonable accommodation identified by Rogers is job restructuring that would confine his duties to supervising the medical records and billing staff. Having reviewed the evidence submitted by the parties, the Court concludes that there is a genuine issue of fact as to the essential functions of Rogers's job, as well as whether job restructuring would have enabled Rogers to perform those functions. As a result, the Court is unable to rule as a matter of law that Rogers was not "qualified" within the meaning of the ADA.

On the third element, HCMC argues that Rogers did not suffer an adverse employment action during his employment at HCMC. In the alternative, it contends that even if Rogers can establish an adverse employment action, HCMC did not take the action based on Rogers's disability. An "adverse employment action" is one that causes a material change in the terms or conditions of employment, *Fenney*, 327 F.3d at 716; *Brown v. Cox*, 286 F.3d 1040, 1045 (8th

Cir. 2002), and may include an action that results in a significant change in the employee's job duties, *see Tadame v. St. Cloud State Univ.*, 328 F.3d 982, 992 (8th Cir. 2003); *Meyers v. Neb. Health & Human Servs.*, 324 F.3d 655, 659-60 (8th Cir. 2003). Rogers claims that he suffered an adverse employment action in July 2000, when, according to Maes-Voreis's affidavit, Rogers's job duties were "drastically reduced." There is sufficient evidence in the record to support a finding in Rogers's favor on this point. As for the causal connection between the action and Rogers's disability, Rogers has submitted evidence that would allow a rational trier of fact to find that HCMC reduced Rogers's job duties because of his mental illness.

*2. Failure to accommodate*

Under Title I of the ADA, an employer must make "reasonable accommodations to the known . . . mental limitations of an otherwise qualified individual with disability . . . unless [it] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(5)(A). Rogers has submitted evidence indicating that HCMC knew of his mental illness, that he requested accommodations several times, with the first request taking place in May 2000, that HCMC did not make a good faith effort to assist him in seeking accommodations, and that, but for HCMC's lack of effort, he could have been reasonably accommodated. Based on this evidence, the Court concludes that Rogers's claim that HCMC failed to accommodate his disability survives summary judgment. *See Fjellestad*, 188 F.3d at 952.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. HCMC and Maes-Voreis's Motion for Summary Judgment [Docket No. 28] is GRANTED in part and DENIED in part.

2. Rogers's motion to strike and for an award of reasonable expenses [Docket No. 40] is DENIED.

Dated: August 8, 2003

JOAN N. ERICKSEN
United States District Judge